# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STAN SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17-CV-531-JED-FHM |
| v. | ) |
| | ) |
| CITY OF SAND SPRINGS, OKLAHOMA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff, Stan Smith, brings this action against his former employer, the City of Sand Springs, under the Fair Labor Standards Act (FLSA). Plaintiff was the Fire Marshal, employed by the Sand Springs Fire Department for 10 years. He worked from Monday through Friday, 8:00 a.m. to 5:00 p.m. According to the plaintiff, he did not have a "one-hour duty-free meal period" and he "regularly worked through his meal period." (Doc. 46-4 at 8 of 16). Without a one-hour lunch, plaintiff alleges that he worked 45 hours, but received pay for only 40 hours, each week. Plaintiff therefore asserts that the City violated the FLSA's overtime requirements.

After plaintiff filed this action, the City launched an investigation, which the City asserts was for the purpose of investigating the hours worked by the plaintiff. The City contends that the plaintiff was to take an hour-long lunch each day, and that he did not report working over 40 hours or having to work through lunch. The City claims that its investigation revealed that, while on duty as Fire Marshal, plaintiff engaged in private work as a process server, he utilized his City-issued vehicle and computer to do so, and he submitted payroll records alleging he worked during times in which he was performing private work for profit.

Following its investigation, the City suspended the plaintiff, placed him on paid administrative leave, asked the Oklahoma State Bureau of Investigation to investigate the plaintiff, and ultimately terminated him on February 1, 2018. In his Second Amended Complaint, the plaintiff asserts that those actions were in retaliation for plaintiff's protected conduct under the FLSA. (Doc. 31). The City has filed state-law Counterclaims against the plaintiff, for conversion (Count 1), unjust enrichment (Count 2), breach of fiduciary duty (Count 3), and fraud (Count 4), based upon its alleged findings from the investigation. (Doc. 26).

The plaintiff moves to dismiss the City's Counterclaims. (Doc. 32). The plaintiff contends that the City's claims are not related to the plaintiff's FLSA overtime and retaliation claims such that the Court does not have supplemental jurisdiction over those claims under 28 U.S.C. § 1367. (Doc. 32). In response, the City argues that its Counterclaims are related to the plaintiff's overtime and retaliation claims and the Court has supplemental jurisdiction. (Doc. 37).

In a case such as this, where the Court has original jurisdiction over the plaintiff's FLSA claim, the Court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The City's Counterclaims are factually related to plaintiff's claims and are part of the same case or controversy. For example, the City asserts that: (1) plaintiff submitted payroll records for times during which he was performing private work for profit rather than performing his duties as Fire Marshal; (2) plaintiff used City equipment for his own personal gain; and (3) plaintiff improperly reported the actual time he worked. (*See* Doc. 26). Those factual assertions, if true, would counter plaintiff's claims that he was due overtime pay for working 45 hours per week for the City. In addition, evidence of wrongdoing by the plaintiff would counter the plaintiff's claim that his

employment was terminated in retaliation for exercising FLSA rights, because the City may present evidence of a non-retaliatory reason for plaintiff's termination. Further, plaintiff's own complaint references plaintiff's work as a private process server during his shift as a Fire Marshal and alleges that his private process work was completed during the hour of his shift for which he was not paid. (*See, e.g.,* Second Amended Complaint, Doc. 31 at ¶¶ 19-43). The Court has supplemental jurisdiction over the counterclaims.

A court may decline to exercise supplemental jurisdiction over state law claims that "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" or where, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(2), (4).[1] Relevant to the Court's determination of whether to decline to exercise supplemental jurisdiction under § 1367(c)(4), plaintiff argues that employer counterclaims are disfavored in FLSA actions and should be severed from the FLSA action. In support of that contention, the plaintiff cites *Donovan v. Pointon*, 717 F.2d 1320 (10th Cir. 1983) and several district court cases. (*See* Doc. 32 at 10-12).

In *Donovan*, the United States Secretary of Labor brought an action against an employer to enforce the FLSA's overtime pay and record-keeping provisions. The employer "sought to assert set-offs, counterclaims, and third-party complaints based upon claims that two of his employees allegedly owed him money for sums which he had advanced to them and that certain employees were liable to him in tort for acts of sabotage." 717 F.2d at 1323. The district court

---

[1] Section 1367 in part codified standards set forth by the Supreme Court in *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966). The "substantially predominates" language of § 1367(c)(2) is similar to language used in *Gibbs*: "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." *Id.* at 726-27.

denied the employer's requests to assert such claims. The Tenth Circuit determined the district court did not error in denying the employer's request to maintain counterclaims. The court explained its reasoning as follows:

> [T]he purpose of the present action is to bring [the employer] into compliance with the Act by enforcing a public right. To permit him in such a proceeding to try his private claims, real or imagined, against his employees would delay and even subvert the whole process. [He] is free to sue his employees in state court, as we are advised he is doing, for any sum which he feels is due and owing him.

*Id.*

In unpublished decisions, other district courts in this Circuit have determined that employer counterclaims are generally disfavored in FLSA actions. *See, e.g., Saenz v. Rod's Prod. Servs.*, No. 2:14-cv-525-RB-GBW, 2015 WL 12866986 (D.N.M. June 23, 2016) (asserting that "the Tenth Circuit disapproves of employers asserting set-offs and counterclaims in FLSA actions"); *Saarela v. Union Colony Protective Serv., Inc.*, 13-cv-1637-MSK-MJW, 2014 WL 3408771, *5 (D. Colo. July 14, 2014) ("Since *Donovan*, most courts considering the issue have generally agreed that 'setoffs and recoupments are disfavored in FLSA suits.'") (citation omitted); *McFeeters v. Brand Plumbing, Inc.*, No. 16-1122-EFM-KGS, 2016 WL 6581515, *2 (D. Kan. Nov. 7, 2016) ("Several courts, including the Tenth Circuit, have indicated that counterclaims, particularly when they are akin to setoffs, are not allowed in a FLSA action."); *Campbell v. ASAP Assembly, Inc.*, No. 13-815-HE, 2013 WL 6332975 *1 (W.D. Okla. Dec. 5, 2013) ("Although the cases do not uniformly support . . . [a] flat rule [that counterclaims are always barred in FLSA cases], they do suggest that counterclaims are strongly disfavored in FLSA cases.").

Based on the foregoing, the Court declines to exercise supplemental jurisdiction over the City's state law Counterclaims. As noted, such claims are generally disfavored in FLSA cases, and thus declining to exercise supplemental jurisdiction is appropriate under § 1367(c)(4) because

"there are . . . compelling reasons for declining jurisdiction." In addition, the City's four separate Counterclaims, for which it seeks both actual and punitive damages, substantially predominate over the plaintiffs' FLSA overtime and retaliation claims, such that the Court may decline to exercise supplemental jurisdiction under § 1367(c)(2). Thus, the Counterclaims will be dismissed without prejudice, and they may be brought in state court. *See Gibbs*, 383 U.S. at 726-27; *Donovan*, 717 F.2d at 1323.

IT IS THEREFORE ORDERED that plaintiff's Motion to Dismiss (Doc. 32) is **granted**, and the City's Counterclaims (Doc. 26) are **dismissed without prejudice**.[2]

SO ORDERED this 19th day of September, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE

---

[2] While the City's state law damages claims are being dismissed and the City cannot seek damages within this FLSA case, many of the City's factual assertions of wrongdoing by the plaintiff will nonetheless be relevant as a defense to the plaintiff's FLSA overtime and retaliation claims. For example, if the City proves that the plaintiff did not work more than 40 hours during a week, the plaintiff would not be entitled to overtime pay for that week. As to the retaliation claim, the City may be permitted to present evidence of alleged wrongdoing by the plaintiff to show that it terminated plaintiff for a non-retaliatory reason. *See, e.g., Pacheco v. Whiting Farms, Inc.*, 365 F.3d 1199, 1206 (10th Cir. 2004) ("FLSA retaliation claims are analyzed under the familiar three-pronged *McDonnell Douglas [Corp. v. Green*, 411 U.S. 792 (1973)] burden-shifting framework," under which the defendant may "offer a legitimate non-retaliatory reason for the adverse employment action.").